IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TROY I. THOMAS,[1]
    Plaintiff,

vs.                               Case No. 3:09cv424/MCR/MD

UNKNOWN DEFENDANTS,
    Defendant.
_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 17) and two motions for leave to proceed *in forma pauperis* (docs. 10, 16). For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the amended complaint, the undersigned concludes that this case should be dismissed as malicious.

---

[1] The court takes judicial notice of information on the Florida Department of Corrections Offender Information Network, January 13, 2010, stating that plaintiff, whose DC (Department of Corrections) number is 246215, is incarcerated under the name Troy I. Thomas, and is also known as Exchall S. Thomas, Exchall Thomas, Exchall Troy Thomas, Troy Thomas, Troy Ira Thomas, Rober Michaells, Roicee Lenard Thomas, Shorty Troy Thomas and Shorty Thomas. *See* www.dc.state.fl.us.

Plaintiff is currently incarcerated at Santa Rosa Correctional Institution. His complaint concerns the conditions of his confinement at that institution, namely, prison officials' alleged retaliation against him for cooperating with an investigation of corrections officers. On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (Doc. 17 p. 11 in ECF). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (Doc. 17, p. 11 in ECF). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Despite having responded, "No," plaintiff disclosed that he previously filed two cases in the United States District Court for the Middle District of Florida ("Middle District") in 1991, both of which were dismissed in 1992. (*Id.,* pp. 11-12 in ECF). Plaintiff indicated that the defendant in one case was Luana Simpkins, and the defendant in the other case was the Sixth Judicial Circuit Court. (*Id.*). A review of

---

[2] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff disclosed one case, Middle District Case Number 3:09cv949. That case was transferred to this court on September 21, 2002, and is the present case. (Doc. 17, p. 3 in ECF).

the records of the Middle District reveal that plaintiff may be referencing one or more of the following cases:

(1) *Thomas v. Simpkins*, Case Number 8:92cv277, a civil rights case plaintiff filed in the Tampa Division in March of 1992 under the name Exchall Troy Ira Thomas. The case was filed while plaintiff was a pre-trial detainee at the Pinellas County Jail. His Pinellas County Jail inmate number was 768393. The case was dismissed in April of 1992.

(2) *Thomas v. Sixth Judicial Circuit Court*, Case Number 8:92cv278, a civil rights case plaintiff filed in the Tampa Division in March of 1992 (under the name Exchall Troy Ira Thomas) while he was a pre-trial detainee at the Pinellas County Jail (inmate #768393). The case was dismissed in May of 1992.

(3) *Thomas v. Pinellas County Circuit Court*, Case Number 8:91cv1739, a habeas corpus case plaintiff filed in the Tampa Division in December of 1991 (under the name Exchall Troy Ira Thomas) while he was a pre-trial detainee at the Pinellas County Jail (inmate #768393). The case was dismissed in January of 1992.

In addition to the foregoing, plaintiff disclosed that he filed another case in the Middle District in 2002, which was dismissed in 2003. (Doc. 17, p. 12 in ECF). Plaintiff indicated that the defendants in that case were Sheriff Everett Rice and Lawrence Grella. (*Id*.). A review of the records of the Middle District reveal that plaintiff may be referring to one or more of the following cases:

(1) *Thomas v. Rice*, Case Number 8:03cv696, a civil rights case plaintiff filed in the Tampa Division in April of 2003 (under the name Troy Ira Thomas, #768393) while incarcerated at the Pinellas County Jail. The case was dismissed in May of 2003 for plaintiff's failure to keep the court informed of his current address.

(2) *Thomas v. Rice*, Case Number 8:03cv1483, a civil rights case plaintiff filed in the Tampa Division in July of 2003 (under the name Troy Ira Thomas, DC# 246215). The case was dismissed in August of 2003 for failure to prosecute.

(3) *Thomas v. Rice*, Case Number 8:03cv2569, a civil rights case plaintiff filed in the Tampa Division in December of 2003 (under the name Troy

**Ira Thomas, DC# 246215). The case was dismissed on December 19, 2003, under the "three strikes" provision of 28 U.S.C. § 1915(g).**

After disclosing the foregoing cases, plaintiff stated that he had filed one other case, but did not provide any identifying information, explaining: "There is another case which Plaintiff cannot remember." (Doc. 17, p. 12 in ECF). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 39 in ECF). Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed as frivolous, malicious, for failing to state a claim, or prior to service.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[4]

Even generously construing plaintiff's complaint as having disclosed all of the foregoing six cases (when in fact plaintiff indicated he previously filed only four), the Clerk has advised, and this court may take judicial notice, that plaintiff previously

---

[3] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[4] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)).

initiated at least three other civil actions in federal court that were dismissed as frivolous, malicious, for failing to state a claim, or prior to service:

(1) *Thomas v. Thom*, Case Number 8:95cv1688, a civil rights case plaintiff filed in the Middle District in October of 1995 (under the name Exchall Troy Ira Thomas, DC #246215). The case was dismissed as frivolous on October 30, 2005.

(2) *Thomas v. Rice*, Case Number 8:98cv2310, a civil rights case plaintiff filed in the Middle District in November of 1998 (under the name Exchall Troy Ira Thomas, Pinellas County Jail #786393). The case was dismissed as malicious on November 20, 1998.

(3) *Thomas v. Rice*, Case Number 8:99cv988, a civil rights case plaintiff filed in the Middle District in April of 1999 (under the name Exchall Troy Ira Thomas, Pinellas County Jail #786393). The case was dismissed on May 4, 1999, prior to service, for plaintiff's failure to exhaust administrative remedies.

Plaintiff did not disclose the foregoing cases in the instant complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.[5] If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate

---

[5]The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).

*Case No: 3:09cv424/MCR/MD*

sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

Plaintiff's motions to proceed *in forma pauperis* (docs. 10, 16) are **GRANTED** for the limited purpose of dismissing this action.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 14th day of January, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**